IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Case No. 23-60106

_____

CANDACE E. TAYLOR,

Plaintiff-Appellant,

vs.

DENIS MCDONOUGH, Secretary, U.S. Department of Veteran Affairs,

Defendant-Appellee.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
USDC NO. 1:21-CV-294

_____

REPLY BRIEF OF APPELLANT, Candace E. Taylor

_____

LINDA K. GARNER, BPR #13573
40 S. Main, Ste 1523
Memphis, TN 38103
Fax: 901-524-1004
Main: 901-524-1111
Email: lgarner4@comcast.net
Pro Hac Vice counsel for Appellant

SHANTRELL H. NICKS, MBN 99642
2108 23rd Avenue
Gulfport, MS 39501-0000
Local Counsel for Appellant

# TABLE OF CONTENTS

**PAGE**

**TABLE OF AUTHORITIES** ……………………………………….. **2**

**SUMMARY OF THE ARGUMENT** ........................................................ **4**

**ARGUMENT:**

**Issue 1: Whether the Defendant/Appellee's awards of $91,988.47
constitute the "something more" requirement that waives a later
timeliness objection?** ..................................................................... **5**

**Issue 2:  Whether Plaintiff/Appellant's departure from EEO was
a tangible employment action when her harassing supervisor
presented to Human Resources, gathered available jobs for Taylor,
and told her to get the F—K out of EEO or surrender to his sexual
demands?** ..................................................................... **7**

**Issue 3: Whether Defendant/Appellant satisfied both prongs
of the Ellerth/Faragher defense entitling it to summary judgment
as a matter of law?**......................................................... **10**

**CONCLUSION** ........................................................ **14**

**CERTIFICATE OF COMPLIANCE**........................................................ **15**

**CERTIFICATE OF SERVICE**................................................. **16**

# TABLE OF AUTHORITIES

<u>**CASES**</u>                                              <u>**PAGE**</u>

**Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)**.................... 4

**Davis v. Brennan, Civil Action No. 3:17-cv-1002,
at \*5 (N.D. Tex. Apr. 2020)**........................................................ 6

**Faragher v. Boca Raton, 524 U.S. 775 (1998)**......................................... 11

**Reveles v. Napolitano, 595 F. App'x 321 (5th Cir. 2014)**....................... 5

**Rowe v. Sullivan, 967 F.2d 186, 191 (5th Cir. 1992)**............................. 5

**Smith v. U.S. Postal Serv. No: 11-64, at \*3 (E.D. La. Aug. 9, 2011)**..... 5

**Young v. R.R. Morrison and Son, Inc. Young v. R.R. Morrison and
Son, Inc., 159 F. Supp. 2d 921 (N.D. Miss. 2000)**................................... 13

## <u>Constitutional, Statutory, and Regulatory Provisions</u>

(No additional authorities cited.)

## SUMMARY OF THE ARGUMENT

The briefing in this appeal makes evident that there were-and remain-substantial and genuine disputes over material facts in this case. Plaintiff/Appellant's principal brief described how the district court ignored, or resolved in Defendant/Appellee's favor, key material fact disputes when it erroneously granted summary judgment to Defendant. Defendant/Appellant's response highlights a core error of the district court in misapplying the summary judgment standard, weighing the evidence, and imposing its own view into the factual record to grant summary judgment. The district court erred in its summary conclusion that a timeliness waiver is preserved despite the "something more" evidence in the record. The district court erroneously concluded that Plaintiff/Appellant did not suffer a tangible employment action despite uncontroverted record evidence that her supervisor went to Human Resource Manager Constance Ceasar, demanding other job listings for Plaintiff/Appellant and subsequently giving that list to Plaintiff demanding that she "get the F—K out of EEOC absolves him as initiator of Taylor's ouster when the directed, Constance Ceasar, does his bidding amidst the begging of the forced out and abused female. The district court further erred in its conclusion that Plaintiff/Appellant's testimonies about her dual roles of EEOC assistant/accommodation specialist were conclusory statements. Finally, the

district court erred when presented with Plaintiff/Appellant's evidence of her desperate efforts to leave her abuser and weighing those efforts solely against the number of days before her move to MAS in determining the reasonableness of Defendant/Appellant's response to Taylor's complaint.

In sum, the evidence in this case "is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). This Court should, therefore, reverse the summary judgment and remand to the district court for further proceedings.

## ARGUMENT

**Issue 1: The payment of an almost $100,000 award in compensatory damages and attorney fees constitutes "something more" than the acceptance and "docketing" of an "untimely" complaint.**

To waive a timeliness objection, the [EEOC] must make a specific finding that the claimant's submission was timely." Rowe v. Sullivan, 967 F.2d 186, 191 (5th Cir. 1992).  Similarly, the courts have held that simple acceptance and investigation of an administrative claim by the EEOC does not later bar litigation over the issue of timeliness. Smith v. U.S. Postal Serv. No: 11-64, at *3 (E.D. La. Aug. 9, 2011). See also Davis v. Brennan, Civil Action No. 3:17-cv-1002, at *5 (N.D. Tex. Apr. 2020)(finding that the mere acceptance and investigation of a tardy complaint does not automatically waive objection to the

complainant's failure to comply with the prescribed time delays). Finally, "as this court has held, the docketing and acting on a complaint or request for reconsideration does not alone constitute a waiver of the timeliness of objection." Reveles v. Napolitano, 595 F. App'x 321 (5th Cir. 2014)(citing Rowe v. Sullivan, 967 F.2d 186, 191 (5th Cir. 1992).

As interpreters of the law, the Court fulfills its function through comparison and the distinction of cases. The cases of Reveles, Brennan, Smith, and a progeny of others echo a similar sentiment: the mere (emphasis added) acceptance and docketing of an untimely complaint does not waive future objection to timeliness.

However, in the Plaintiff/Appellant's case, there was more than the mere acceptance and docketing of an untimely complaint by Defendant/Appellee. There was an acceptance, an investigation, and an award of damages and attorney fees. Administratively, Defendant awarded Plaintiff/Appellant $91,988.47.[1]

Under existing case law, one can hardly categorize the payment of such a significant amount of money as the "mere" acceptance" and "docketing" of an untimely claim by Defendant/Appellee. Instead, Defendant/Appellee argues that the award is "acting" on the complaint, and not an act that distinguishes the Plaintiff/Appellant's case from the cases that state "something more" than mere acceptance and docketing is needed to declare a waiver of the timeliness

---

[1] Plaintiff/Appellant appealed the Final Agency Decision on Compensatory Damages. ROA.33-34. Final Agency Decision on Attorney Fees was awarded before the compensatory award.

objection. Reveles, Brennan, and Smith support, through distinction, Plaintiff/Appellant's argument that Defendant/Appellee's award of damages is the something more required for a waiver.

Consistent with applicable law, Defendant waived the timeliness objection to Plaintiff/Appellant's April through August 2017 sexual harassment claims because it awarded significant money (something more) to her on an "untimely" claim.

## II. **Plaintiff suffered a tangible employment action which negated the application of Ellerth/Faragher**.

Plaintiff/Appellant's claims of sexual harassment were against her supervisor, Defendant/Appellee's EEO manager for all of the facilities in VISN 16. If there is a tangible employment action, the case is classified as a quid pro quo, and the Ellerth/Faragher defense is unavailable. ROA. 500-505.

In this case, Plaintiff/Appellant was forced, via sexual and verbal abuse, from her position as EEO Assistant by her sexually abusive supervisor. ROA 454-455; ROA. 528-529. Like the district court, Defendant/Appellant contends that the supervisor's act of going to HR to locate jobs for Taylor, giving her the list, and telling her that he could remove her if she did not acquiesce to his sexual demands was no quid pro quo. Like the district court, Defendant/Appellant contends that Hardy's threat to AWOL Plaintiff/Appellant if she did not return to EEO negates

his role in locating other jobs, giving the list to her, and demanding that she get out of EEO or has sex with him. Like the district court, Defendant/Appellee argues that HR manager Constance Ceasar moved the Plaintiff, not the abuser, who undisputedly set the rock in motion to get rid of Plaintiff/Appellant if she refused his demands for sex.

The conclusion of the district court and the Defendant/Appellee defies the facts presented by Taylor, fights the law, defies logic, and, if accepted by this Court, would pave a golden way for sexual harassers in high positions to escape liability by technically accomplishing personal discriminatory goals through others, or through the abused throwing in the towel by leaving.

The district court erred by injecting itself into the role of the factfinder in weighing the facts and resolving those facts in favor of Defendant/Appellee. The district court erred in disregarding Hardy's causal link to Plaintiff/Appellant's transfer to M.A.S. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether ruling on a motion for summary judgment or a directed verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 1065 S.Ct. 255, 91 L.Ed. 2d 202 (1986).

In any event, a reasonable jury could conclude that William Hardy, VISN head of EEO, had the skills and manipulative astuteness to cloak his harassment of

Plaintiff by making it appear that Plaintiff/Appellant's departure from EEO was voluntary.

Furthermore, the district court erred in categorizing as conclusory Plaintiff/Appellant's uncontroverted evidence, via her descriptive testimony, that her former position as EEO Assistant was objectively superior to scheduling patient appointments for doctors. Her testimony describes the decreased duties of the new job and supports her testimony that she felt less prestige in the M.A.S. position. ROA. 434, 435, and 494.

In sum, Plaintiff/Appellant put forth sufficient evidence at the summary judgment stage to demonstrate that her reassignment detail had significantly different responsibilities.

Furthermore, the district court opined that Plaintiff/Appellant's subsequent act of applying for a permanent job belies her contention that her EEO position was objectively superior to M.A.S. However, the district court's conclusion ignores Plaintiff/Appellant's testimony that Defendant/Appellant did not give Plaintiff/Appellant an interview for the permanent MAS position or any other Biloxi position for which she applied. ROA. 495.

A reasonable jury could conclude that Plaintiff suffered a tangible employment action.

**III.   Whether Plaintiff/Appellant's complaint against William Hardy's sexual harassment of her was reasonable in light of her first-hand knowledge of his abusive, manipulative, and successful propensities to prevail, and was Defendant/Appellee's response to her complaint satisfactory under both prongs of Ellerth/Faragher.**

Defendant/Appellee did not address or dispute the severity or pervasiveness of Plaintiff/Appellant's timely allegations of sexual harassment in its Motion for Summary Judgment. Therefore, the district court correctly stated, "Plaintiff has at least demonstrated the existence of a genuine issue of material fact as to this question." ROA. 589, Order Granting Summary Judgment, PageID 16.

An employer is vicariously liable for actionable discrimination caused by a supervisor but subject to an affirmative defense looking to the reasonableness of the employer's conduct and that of the plaintiff victim. Faragher v. Boca Raton, 524 U.S. 775 (1998).

The district court opined that "the undisputed summary judgment evidence supported the conclusion that Defendant/Appellee took reasonable care to follow its own anti-harassment policies and procedures and that Defendant acted swiftly to address Plaintiff/Appellant's complaints as soon as becoming aware of them." ROA. 589, PageID 16.

Plaintiff/Appellant challenges this ruling because she introduced evidence of inaction by Defendant/Appellee at the summary judgment stage. The district court disregarded the Plaintiff/Appellant's proof.

Plaintiff/Appellant received the last text messages from William Hardy on September 10-20, 2017. ROA. 588-589, Order Granting Summary Judgment, PageID 15-16. Plaintiff/Appellant introduced evidence at summary judgment that she reported the harassment to Human Resource Manager Constance Ceasar on October 23, 2017. ROA. 525, Ceasar deposition, PageID 27-29. Ceasar later gave testimony to the agency that she was only aware of Plaintiff/Appellant's complaint in November or December of 2017. ROA. 539, PageID 46-12, Plaintiff Response to Summary Judgment.

Plaintiff/Appellant made numerous attempts to gain help from Defendant regarding her complaint of sexual harassment. ROA. 491-494, Plaintiff's Response to Summary Judgment. Plaintiff/Appellant filed no less than twenty exhibits documenting her efforts to report her harasser. No one in the reporting chain knew how to address a sexual harassment complaint against William Hardy, the VISN lead of EEO. The Interim Director of the Veteran's Administration testified that Defendant/Appellee left the Plaintiff/Appellant in a vulnerable position. ROA. 529.

As such, the district court erred in ruling that the undisputed summary judgment evidence supported the conclusion that Defendant/Appellee took

reasonable care to follow its own anti-harassment policies and procedures and that Defendant acted swiftly to address Plaintiff/Appellant's complaints as soon as becoming aware of them.

The Defendant/Appellee failed to establish as a matter of law that it exercised reasonable care to prevent and promptly correct the harassing behavior of EEO Manager William Hardy.

In addition, Plaintiff/Appellant knew that several female employees had called the police on Hardy to report his abuse of them, to no avail. Plaintiff/Appellant observed Hardy manipulate the system by hand-picking mediators to hear cases against him. ROA. 446-443, Plaintiff's Response to Summary Judgment, PageID 29-30.

The district court erroneously opined that Plaintiff/Appellant asserted a generalized fear of retaliation. Plaintiff/Appellant's assertion of fear stemmed from first-hand knowledge. "No court has sought to establish a bright line as to what is or is not reasonable as the term is contemplated in Faragher and Ellerth." Young v. R.R. Morrison and Son, Inc. Young v. R.R. Morrison and Son, Inc., 159 F. Supp. 2d 921 (N.D. Miss. 2000). For Title VII to be appropriately facilitated, the reasons for not complaining about harassment should be substantial and based upon objective evidence that some significant retaliation will occur. Barrett v. Applied Radiant Energy Corp., 70 F. Supp. 2d 644 (W.D. Va. 1999).

In this case, Plaintiff/Appellant worked under William Hardy, VISN lead of the Veteran Administration's Equal Employment Office. She witnessed his successful manipulation of the system first-hand and knew that others had complained of abuse by him and failed. William Hardy was so sure of his invincibility that he documented his abuse of Plaintiff/Appellant with text messages. There were no EEO procedures outside of the EEO office. ROA. 496 and 497, Plaintiff's Response to Summary Judgment.

Plaintiff/Appellant was one month into her employment with EEO when Hardy's sexual harassment of her began. Her fears resulted from first-hand knowledge and, in this case, were reasonable.

Consequently, the evidence submitted by the Plaintiff/Appellant at the summary judgment stage created genuine issues of material fact that were triable by a jury, not a judge. Defendant/Appellee was not entitled to judgment as a matter of law in this case.

## **CONCLUSION**

The District Court's Order Granting the Defendant's Motion for Summary Judgment with prejudice should be reversed and remanded to the District Court for further proceedings.

/s/ Linda Kendall Garner
Linda Kendall Garner B.P.R. # 13573
Attorney for the Plaintiff/Appellee
22 North Front Street, Suite 140
Memphis, TN  38105
(901) 524-1111
Facsimile: (901) 524-1004
Email: lgarner4@comcast.net

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed.R.App.32(g), the undersigned certifies this brief complies with the type-volume limitations of Fed.R.App.32(a)(7)(B.

1. Exclusive of the Exempted Portions in Fed.R.App.P. 32 (a)(7)(B), the Brief contains 2029 words.

2. The Brief has been prepared in proportionately spaced typeface Times New Roman,14 font.

3. If the court requests, the undersigned will provide an electronic version of the Brief or a copy of the work or line printout.

4. The undersigned understands a material misrepresentation in completing this certificate or circumvention of the type-volume limits in Fed.R.App.P.32(A) (4) may result in the Court striking the Brief and imposing sanctions against the person signing this Brief.

/s/ Linda Kendall Garner

```
FILING AND CERTIFICATE OF SERVICE
```

In compliance with FRAP Rule 32(g)(1), I now certify that on September 1, 2023, the  Reply Brief of the Appellant in the United States Court of Appeals for the Fifth Circuit via the E.C.F. system and a copy emailed via to GMayer@usa.doj.gov.

/s/ Linda Kendall Garner
Linda Kendall Garner, 013573
Attorney for the Plaintiff/Appellant
40 South Main Street, Suite 1523
Memphis, Tennessee  38103
(901) 524-1111
