No. 23-60106

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

CANDACE E. TAYLOR,

Plaintiff-Appellant,

v.

DENIS MCDONOUGH, Secretary, U.S. Department of Veteran Affairs,

Defendant-Appellee.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

_____

BRIEF OF PLAINTIFF-APPELLANT

_____

LINDA K. GARNER, TBR No.13573
40 S. Main, Ste 1523
Memphis, TN  38103
FAX:  901-524-1004
MAIN: 901-524-1111
lgarner4@comcast.net
PHV Counsel for Plaintiff-Appellant

SHANTRELL H. NICKS
MBN No. 99642
2108 23rd Avenue
Gulfport, MS 39501-0000
Local Counsel for Plaintiff-Appellant

## <u>Certificate of Interested Persons</u>

The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

1. **<u>Plaintiff-Appellant</u>:**

   Candace E. Taylor

2. **<u>Defantants-Appellee</u>:**

   Denis McDonough

3. **<u>Counsel for Plaintiff-Appellant</u>:**

   Linda K. Garner, Counsel for Plaintiff-Appellant (P.H.V.), Shantrell H.

   Nicks, Local Counsel for Plaintiff-Appellant

4. **<u>Counsel for Defendant-Appellee</u>:**

   Gregg Mayer, Assistant United States Attorney

*<u>s/ Linda K. Garner</u>*
Linda K. Garner
Attorney for Plaintiff/Appellant
40 S. Main Street, Suite 1523
Memphis, Tennessee  38103
Main: 901-524-1111
Facsimile 901-524-1004
lgarner4@comcast.net

## STATEMENT REGARDING ORAL ARGUMENT

Candace E. Taylor, Plaintiff-Appellant, waives oral argument. This case involves vital and well-settled issues of American jurisprudence concerning the bedrock right to trial by jury. This court has historically appreciated the significance of that right and Ruled according to precedent and justice. Therefore, Plaintiff-Appellant waives oral argument in this case because the lower court's error is apparent on the record.

# TABLE OF CONTENTS

**PAGE**

Certificate of Interested Persons…………………………………………………… 2

Statement Regarding Oral Argument………………………………………… 3

Table of Contents…………….. ……………………………………………...4

Table of Authorities……………………………………………………………6

Jurisdictional Statement…………………………………………………………..8

Issues Presented…………….. …………………………………………………...9

Statement of the Case…………………………………………………….........10

Summary of the Argument…………….…………………………………………13

Standard of Review…………………………………………………………………16

Argument………………………………………………………………….......16

   1. Plaintiff/Appellant suffered a tangible negative employment action after
refusing to have sex with her boss, William Hardy, EEO VISN Manager,
when he requested a list of jobs for her from Human Resources, demanded
her move to one of them, then harassed and bullied her exit from EEO…..……...15

   2. Defendant/Appellee presented competent evidence at the summary
judgement stage to demonstrate the existence of a genuine issue of material fact
concerning the objective superiority of her position of Assistant EEO Manager
over an appointment scheduling clerk…………………………………………18

3.  Defendant/Appellee's acceptance, consideration, and award of damages constituted a specific finding on the timeliness of Plaintiff/Appellant's complaint of sexual harassment……………………………………………….21

4.  Plaintiff/Appellant's complaint against William Hardy's sexual harassment of her was reasonable in light of first-hand knowledge of his abusive, manipulative, and successful propensities to prevail, and Defendant/Appellee's response did not satisfy both prongs of Ellerth/Faragher……………………..22

Conclusion……………………………………………………………………….26

Signature of Counsel……………………………………………….…………26

Certificate of Service ……………………………………………………….27

Certificate of Compliance…………………………………………….......28

# <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*Alaniz v. Zamora-Quezada,*
 591 F.3d 761, 772 (5th Cir. 2009) ……….........................................................19

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242, 255, 1065 S.Ct. 255, 91 L. Ed. 2d 202 (1986) ………………    18

*Burlington Indus., Inc. v. Ellerth,*
524 U.S. 742 (1988) ………………….....................................................16

*Faragher v. Boca Raton,*
524 U.S. 775 (1998) …………………………......................................................23

*Harper v. City of Jackson Mun. Sch. Dist.,*
149 F. App'x 295, 299 (5th Cir. 2005) ………………………………….......17

*Layton v. Louisiana,*
CV. No. 14-722-JWD-EWD (M.D. La. Dec. 11, 017)……………………… ....21

*Reveles v. Napolitano*,
595 F. App'x 321 (5th Cir. 2014)……………….............................................15,21

*Young v. R.R. Morrison and Son, Inc. Young v. R.R. Morrison and Son, Inc.,*
159 F. Supp. 2d 921 (N.D. Miss. 2000)…………………………….............25

## **Statutes**

5th Cir. R. 26.1 ……………………………………………………………  2

Title VII of the Civil Rights Act of 1964…………………………………  6

Fed. Rule Civ. Proc. 8(c)……………………………………………….  14

FRAP Rule 32(g)(1)……………………………………………………  26

# JURISDICTIONAL STATEMENT

1.    <u>Basis of the district court's jurisdiction</u>

The Final Agency Decision on Compensatory Damages was entered on July 15, 2021. <u>ROA. 33-44</u>, Final Agency Decision on Compensatory Damages. Plaintiff/Appellant appealed the award of compensatory damages with the district court on September 13, 2021, within the 90-day limitation period for filing a civil action. <u>ROA. 12-16</u>, Complaint of Title VII harassment discrimination.

2.    <u>Basis of Appellate Jurisdiction</u>

The district court entered its Order granting summary judgment on February 3, 2023. <u>ROA. 574-595</u>, Opinion & Order Granting Summary Judgment. The district court entered final judgment on February 3, 2023. <u>ROA. 596</u>, Final Judgment. Plaintiff/Appellant filed a Notice of Appeal on March 3, 2023. <u>ROA. 612-13</u>, Notice of Appeal. Thus, jurisdiction appropriately lies with this Honorable Appellate Court.

## <u>ISSUES PRESENTED</u>

I.    Whether Plaintiff/Appellant suffered a tangible employment action after refusing to have sex with her boss, William Hardy, VISN Manager of EEO, when he requested a list of jobs for her from Human Resources, demanded her move to one of them, then harassed and bullied her exit from EEO.

II.    Whether Plaintiff/Appellant presented competent evidence at the summary judgment stage to demonstrate the existence of a genuine issue of material fact concerning the objective superiority of her position as assistant EEO Manager over the role of scheduling clerk.

III.    Whether Defendant/Appellee's acceptance, consideration, and award of compensatory damages and $ 79, 312.50 in attorney fees constituted a specific finding of the timeliness of Plaintiff/Appellant's complaint of discrimination to EEOC

IV. Whether Plaintiff/Appellant's complaint against William Hardy's sexual harassment of her was reasonable in light of her first-hand knowledge of his abusive, manipulative, and successful propensities to prevail, and was Defendant/Appellee's response to her complaint satisfactory under both prongs of Ellerth/Faragher.

## STATEMENT OF THE CASE

This appeal challenges the district court's summary dismissal of Plaintiff/Appellant's Title VII sexual harassment complaint, although evidence offered by Plaintiff/Appellant in response to Defendant/Appellee's motion for summary judgment presented issues of material fact capable of affecting the outcome of her case under applicable law. The genuine disputes were such that a reasonable jury could return a verdict for Plaintiff/Appellant.

The district court ruled that Plaintiff/Appellant did not experience a tangible employment action despite the testimony of Human Resource Manager Constance Ceasar that William Hardy, on or near October 19, 2017, requested a list of jobs meeting Plaintiff-Appellant's qualifications and subsequently gave that list to Plaintiff/Appellant demanding she chooses one. ROA. 505-11, Plaintiff's Response to Summary Judgment, Page 4.

The district court acknowledged that the proof showed that Plaintiff/Appellant agreed to move out of the EEO office because of harassment, bullying, and threats to her job by Hardy because she could no longer work with Hardy. ROA. 577, Order Granting Summary Judgment, Page 4. With the weight of this testimony, the district court nonetheless ruled that Plaintiff/Appellant's decision to leave EEO was that of Plaintiff-Appellant and Constance Ceasar, with no link to William Hardy. The district court erroneously reasoned that Hardy's

threat to AWOL Plaintiff-Appellant, negated a constructive discharge if she did not return to EEO. Thus, the district court opined that Ceasar, not Hardy decided to remove Plaintiff from EEO. ROA. 585, Order Granting Summary Judgment, P. 12. The evidence preponderated against the district court's finding that William Hardy's sexual harassment did not culminate in a tangible employment action to Plaintiff/Appellant.

The district court erred in ruling that the evidence submitted at the summary judgment stage compelled the conclusion that Defendant/Appellant took reasonable care to address Plaintiff/Appellant's complaint as soon as it became aware of them. ROA. 589, Order Granting Summary Judgment, P. 16. The district court's ruling ensued despite the testimony of Interim VA Director Mike Saslo that Defendant/Appellee left Plaintiff/Appellant in a vulnerable position. ROA. 529, and despite the submission by Plaintiff-Appellant of deposition testimony and exhibits demonstrating the arduous measures taken by Plaintiff/Appellant to escape her abuser. ROA. 489-95, Plaintiff's Opposition to Summary Judgment. The district court erroneously ruled that the facts establishing Defendant/Appellee's response to Plaintiff-Appellant's complaint were undisputed. ROA. 574-95, Order Granting Summary Judgment.

Plaintiff/Appellant also challenges the district court's providing a more favorable light to Defendant/Appellee when presented with genuine issues

regarding the time of Plaintiff/Appellant's report of her abuse to Defendant/Appellee. ROA. 590.

In addition, the district court ruled, contrary to the law and the weight of the evidence, that Plaintiff/Appellant's testimony that her new job as M.A.S. appointment scheduler was less prestigious than her dual role of EEO Assistant. Plaintiff challenges the district court's finding that her testimony was conclusory and lacked objective proof that her EEO job was superior to the less desirable position of appointment scheduler. ROA. 434-5, 494, Plaintiff's Opposition to Summary Judgment; ROA. 586, Order Granting Summary Judgment.

Finally, the district court erred in its conclusion that the Defendant/Appellee's docketing, acting on, and ultimate payment of a substantial award of attorney fees and compensatory damages was not an express waiver of the 45 days to contact a counselor. Thus, Plaintiff/Appellant challenges the district court's ruling that her expressions of fear about reporting William Harding, EEO Manager, were too general and insufficient to defeat Defendant/Appellee's Ellerth defense. ROA. 583-94, Order Granting Summary Judgment, P. 20.

## SUMMARY OF THE ARGUMENT

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." The appellate court must reverse a grant of summary judgment if that review does not consider all relevant evidence in the light most favorable to the party resisting the motion.

Plaintiff/Appellant began employment in EEO in March of 2017. In April, her boss, William Hardy, manager of EEO, began to harass her sexually. Plaintiff ignored his remarks because she knew that other women had reported his abuse to the police without consequences to him. She also observed his successful manipulations of the system when accused of wrongdoing by hand-selecting the mediator to hear allegations against him. In October, Hardy, after numerous refusals by Plaintiff/Appellant to have sex with him, went to Human Resource Manager Constance Ceasar and requested jobs that suited Plaintiff/Appellant's qualifications. He gave that list to Plaintiff-Appellant and demanded she moves to another position. September emails from Hardy evidence his abuse of Plaintiff, hurting her and often reducing her to tears. On October 23, 2017, Plaintiff/Appellant met with H.R. manager Constance Ceasar and showed her the harassing text messages from Hardy. Faced with his continued abuse, Plaintiff

sought safety through reassignment. Plaintiff/Appellant suffered a tangible employment action when her boss, William Hardy, Manager of EEO, forced her from her job in EEO. His abuse and his presentation to H.R. was the cause of her flight. The district court was wrong in concluding that because Ceasar moved Plaintiff and not Hardy, there was no tangible employment action against Plaintiff/Appellant. The district court erred in concluding that Plaintiff/Appellant failed to put forth non-conclusory evidence at the summary judgment stage that her job in EEO was objectively superior to her reassignment in M.A.S., and the district court erred in its justification of that conclusion because Plaintiff Appellant later applied for a permanent position in M.A.S. The district court did not consider Plaintiff's affidavit detailing her fear of EEO after Hardy's abuse, despite having the evidence before it.

The district court ignored the multitude of emails submitted by Plaintiff in opposition to summary judgment showing the trauma she experienced once she alerted EEO representatives of the identity of her abuser. Human Resource Manager, Constance Ceasar, denied knowledge of Plaintiff/Appellant's complaint, and Director Greg Saslo stated that Plaintiff/Appellant was left in a vulnerable position. The district court disregarded Plaintiff/Appellant's proof, concluding that the "Defendant/Appellee acted swiftly to address Plaintiff/Appellant's complaints

as soon as becoming aware of them." This finding contradicts the preponderance of the evidence presented at the summary judgment stage.

Finally, Defendant/Appellee's payment of an award to Plaintiff/Appellant is the "something more" required in addition to accepting and docketing a complaint because standing alone, accepting, and docketing does not operate as a waiver.

In sum, the district court did not view the evidence presenting genuine questions of material fact in the light most favorable to Plaintiff/Appellant.

## STANDARD OF REVIEW

Appellate Court's review the district court's grants of summary judgment de novo, applying the same standard as the district court. Reveles v. Napolitano, 595 F. App'x 321 (5th Cir. 2014).

## ARGUMENT

I.  The Plaintiff/Appellant suffered a tangible employment action when her boss, William Hardy, Manager of EEO, compiled job listings for her from Human Resources, demanded she chooses another position or submits to his demand for sexual favors, then harassed and bullied her out of EEO.

An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee.[1] When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence. Fed. Rule Civ. Proc. 8(c). The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

There are two kinds of sexual harassment claims under Title VII of the Civil Rights Act: quid pro quo claims, in which "a plaintiff proves that a tangible employment action resulted from a refusal to submit to a supervisor's sexual demands," and hostile work environment claims, which involve "severe or pervasive" sexual harassment without a tangible employment action. Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1988).

However, no affirmative defense is available when the supervisor's harassment culminates in a tangible employment action. Id.

---

[1] The district court incorrectly referred to William Hardy as Plaintiff/Appellant's coworker, but Hardy was the Manager of EEO. ROA. 48, Order Granting Summary Judgment, PageID 1.

In this case, human resources manager Constance Ceasar testified that William Hardy showed up in H.R. asking for jobs for which Plaintiff/Appellant qualified. ROA. 505-506, Ceasar deposition excerpts, PageID 7-8. Plaintiff testified that Hardy threatened to terminate her from EEO if she did not agree to his advances. ROA. 491, Page 3.

The district court noted that Plaintiff/Appellant filed timely charges concerning email communications received from Hardy in September 2017. ROA. 588-89, Order Granting Summary Judgment, PageID 15 and 16. The messages state:

"You did not want me to go because you knew you would be a bad girl…You may deny it, but you know what probably would have happened…It is all good and may never happen…I want it, but you are so hesitant," "I made you show a side you did not want to, and I regret that…Crying and hurting you…Just because I can't get what I want should not be a reason to be mean to you." ROA. 588-89, Order Granting Summary Judgment, PageID 15-16.

Thus, the emails and Hardy's visit to Human Resources seeking a new job for Plaintiff/ Appellant and his demand that Plaintiff finds another job or yield to his sexual advances established a tangible employment action. In this case, evidence links the alleged harasser (Hardy) to Plaintiff/Appellant's move from her job in EEO.

In its opinion, the district court cited Harper v. City of Jackson Mun. Sch. Dist., 149 F. App'x 295, 299 (5th Cir. 2005)(finding no tangible employment action where an employee was transferred to another school district by a new principal, not the alleged harasser, and there was no evidence linking the alleged harasser to the transfer). The district court opined, "Plaintiff's transfer to M.A.S. was not a tangible employment action because she agreed to the detail and requested it. It is undisputed that Hardy, the accused harasser, did not make the decision to move Plaintiff to M.A.S. and that Ceasar was the authorizing manager." ROA. 585, Order Granting Summary Judgment, PageID 12.

The district court erred in disregarding Hardy's causal link to Plaintiff/Appellant's transfer to M.A.S. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether ruling on a motion for summary judgment or a directed verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 1065 S.Ct. 255, 91 L.Ed. 2d 202 (1986).

In sum, Plaintiff/Appellant put forth competent proof at the summary judgment stage of a quid pro quo claim of sexual harassment wherein a tangible employment action resulted from her refusal to submit to William Hardy's sexual demands. William Hardy's visit to Human Resources to garner available jobs for

Plaintiff, telling her to get out of EEO or have sex with him, was the link that drove Plaintiff/Appellant to M.A.S.

The district court erred in its conclusion that Plaintiff/Appellant did not suffer a tangible employment action. Further, it erred when it allowed Defendant/Appellee to assert the affirmative defense of Ellerth/Faragher.

II.    Whether Plaintiff/Appellant presented competent evidence at the summary judgment stage to demonstrate the existence of a genuine issue of material fact concerning the objective superiority of her position as assistant EEO Manager over the role of scheduling clerk.

To establish a Title VII quid pro quo claim, a plaintiff must show that accepting or rejecting a supervisor's alleged sexual harassment resulted in a "tangible employment action." Ellerth, 544 U.S. 742. A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. Id.

The district court erroneously opined that Plaintiff/Appellant failed to show, beyond conclusory allegations, that her EEO position was objectively superior to the M.A.S. detail. In reliance, the district court cited Alaniz v. Zamora-Quezada, 591 F.3d 761, 772 (5th Cir. 2009). In Alaniz, one of the plaintiffs

asserted a claim of quid pro quo harassment. In that case, the plaintiff, Galvan, contended that she suffered a tangible employment action when the defendant removed her from the disputed position of "office administrator." Galvan, initially hired as H.R. manager, returned to H.R. without change to salary, benefits, or her role as H.R. manager. The court found that Galvan's claim was not supported by sufficient evidence because she failed to demonstrate that she suffered a tangible employment action. The court opined, "Even assuming that Galvan held the office administrator position at one time, her reassignment to H.R. manager does not constitute a tangible employment action. Galvan's salary, benefits, and H.R. duties remained unchanged, and she did not demonstrate that the administrator position was objectively superior so that her reassignment could be considered a demotion." Id.

In this case, Plaintiff/Appellant testified that her position as EEO Assistant involved wearing two hats. She was learning about the complaint process from beginning to end. Plaintiff/Appellant testified that her role as EEO Assistant included reasonable accommodation. In comparing the M.A.S. position, Plaintiff testified that her responsibilities decreased to just scheduling patients for physicians.

*"I got the job as an EEO Assistant and began my job in March 2017. I was surprised but undaunted by the dual responsibilities. I would make complaints and reasonable accommodations...I jumped into the EEO Assistant position with*

*both feet. I loved everything about my job, the training, the people, and the rewards from helping people."* <u>ROA. 490</u>, Taylor Affidavit, PageID 2
.

She testified to feeling less prestige in the M.A.S. position. <u>ROA. 434</u>-435,483-4, PageID 11-12 & 60-61.

Here, unlike the plaintiff in Alaniz, Plaintiff/Appellant presented uncontroverted evidence, via her descriptive testimony, that her former position as EEO Assistant was objectively superior to scheduling patient appointments for doctors. Her testimony describes the decreased duties of the new job and supports her testimony that she felt less prestige in the M.A.S. position.

Plaintiff/Appellant's testimony is not mere conclusory allegations, which neither support nor defeat motions for summary judgment. The evidence is substantive and relevant. <u>Layton v. Louisiana</u>, CV. No. 14-722-JWD-EWD (M.D. La. Dec. 11, 2017).

In sum, Plaintiff/Appellant put forth sufficient evidence at the summary judgment stage to demonstrate that her reassignment detail had significantly different responsibilities.

Furthermore, the district court opined that Plaintiff/Appellant's subsequent act of applying for a permanent job belies her contention that her EEO position was objectively superior to M.A.S. However, the district court's contention ignores the Plaintiff's affidavit detailing her attempt to return to EEO and the psychological impact of that return. <u>ROA.494-495</u>, PageID 6-7.

With just the evidence offered by Plaintiff/Appellant at summary judgment, a reasonable jury could conclude that Plaintiff suffered a tangible employment action.

III.    Whether Defendant/Appellee's acceptance, consideration, and award of compensatory damages and $ 78,000.00 in attorney fees constituted a specific finding of the timeliness of Plaintiff's complaint of sexual harassment to EEOC.

The district court opined that Defendant/Appellee did not waive its untimeliness defense because the law is evident in the Fifth Circuit that waiver of the forty-five-day requirement prescribed by 29 C.F.R. § 1614.105(a) requires more than agency action and investigation of an untimely complaint. Reveles v. Napolitano, 595 F. App'x 321, 325 (5th Cir. 2014). The court in Reveles stated, "waiver requires a specific finding on the issue of timeliness," and "the docketing and acting on a complaint or request for reconsideration does not alone constitute a waiver of timeliness.

In this case, Defendant/Appellee accepted, docketed, investigated, and ultimately resolved Plaintiff's claim with a substantial payment of attorney fees and compensatory damages. Plaintiff received $12,675.97 in compensatory damages and $79,312.50 in attorney fees. Payment of the award removes it from the realm of an agency "just docketing and acting" on a complaint. Docketing and acting on a complaint does not stand alone in this case. The payment of a substantial award

constitutes a specific finding on the timeliness issue and is a waiver of the timeliness defense.

IV.    Whether Plaintiff/Appellant's complaint against William Hardy's sexual harassment of her was reasonable in light of her first-hand knowledge of his abusive, manipulative, and successful propensities to prevail, and was Defendant/Appellee's response to her complaint satisfactory under both prongs of Ellerth/Faragher.

Defendant/Appellee did not address or dispute the severity or pervasiveness of Plaintiff/Appellant's timely allegations of sexual harassment in its Motion for Summary Judgment. Therefore, the district court correctly stated, "Plaintiff has at least demonstrated the existence of a genuine issue of material fact as to this question." ROA. 589, Order Granting Summary Judgment, PageID 16.

An employer is vicariously liable for actionable discrimination caused by a supervisor but subject to an affirmative defense looking to the reasonableness of the employer's conduct and that of the plaintiff victim. Faragher v. Boca Raton, 524 U.S. 775 (1998).

The district court opined that "the undisputed summary judgment evidence supported the conclusion that Defendant/Appellee took reasonable care to follow its own anti-harassment policies and procedures and that Defendant acted swiftly

to address Plaintiff/Appellant's complaints as soon as becoming aware of them."
ROA. 589, PageID 16.

Plaintiff/Appellant challenges this ruling because she introduced evidence of inaction by Defendant/Appellee at the summary judgment stage. The district court disregarded Plaintiff/Appellant's proof.

Plaintiff/Appellant received the last text messages from William Hardy on September 10-20, 2017. ROA. 588-89, Order Granting Summary Judgment, PageID 15-16. Plaintiff/Appellant introduced evidence at summary judgment that she reported the harassment to Human Resource Manager Constance Ceasar on October 23, 2017. ROA. 525-27, Ceasar deposition, PageID 27-29. Ceasar later gave testimony to the agency that she was only aware of Plaintiff/Appellant's complaint in November or December of 2017. ROA. 539.  Plaintiff Response to Summary Judgment.

Plaintiff/Appellant made numerous attempts to gain help from Defendant regarding her complaint of sexual harassment. ROA. 491-94, Plaintiff's Response to Summary Judgment. Plaintiff/Appellant filed no less than twenty exhibits documenting her efforts to report her harasser. ROA. Id. No one in the reporting chain knew how to address a sexual harassment complaint against William Hardy, the VISN lead of EEO. The Interim Director of the Veteran's Administration testified that Defendant/Appellee left Plaintiff/Appellant in a vulnerable position.

As such, the district court erred in ruling that the undisputed summary judgment evidence supported the conclusion that Defendant/Appellee took reasonable care to follow its own anti-harassment policies and procedures and that Defendant acted swiftly to address Plaintiff/Appellant's complaints as soon as becoming aware of them.

The Defendant/Appellee failed to establish as a matter of law that it exercised reasonable care to prevent and promptly correct the harassing behavior of EEO Manager William Hardy.

In addition, Plaintiff/Appellant knew that several female employees had called the police on Hardy to report his abuse of them, to no avail. Plaintiff observed Hardy manipulate the system by hand-picking mediators to hear cases against him. ROA. 452-53, Plaintiff's Response to Summary Judgment, PageID 29-30.

The district court erroneously opined that Plaintiff/Appellant asserted a generalized fear of retaliation. Plaintiff/Appellant's assertion of fear was based on first-hand knowledge. "No court has sought to establish a bright line as to what is or is not reasonable as the term is contemplated in Faragher and Ellerth." Young v. R.R. Morrison and Son, Inc. Young v. R.R. Morrison and Son, Inc., 159 F. Supp. 2d 921 (N.D. Miss. 2000). For Title VII to be appropriately facilitated, the reasons for not complaining about harassment should be substantial and based upon

objective evidence that some significant retaliation will occur. <u>Barrett v. Applied Radiant Energy Corp</u>., <u>70 F. Supp. 2d 644</u> (W.D. Va. 1999).

In this case, Plaintiff/Appellant worked under William Hardy, VISN lead of the Veteran Administration's Equal Employment Office. She witnessed his successful manipulation of the system first-hand and knew that others had complained of abuse by him and failed. William Hardy was so sure of his invincibility that he documented his abuse of Plaintiff/Appellant with text messages. There were no EEO procedures outside of the EEO office. <u>ROA. 496</u>-98, Plaintiff's Response to Summary Judgment.

Plaintiff/Appellant was one-month into her employment with EEO when Hardy's sexual harassment of her began. Her fears were based on first-hand knowledge and, in this case, were reasonable.

Consequently, the evidence submitted by Plaintiff/Appellant at the summary judgment stage created genuine issues of material fact that were triable by a jury, not a judge. Defendant/Appellee was not entitled to judgment as a matter of law in this case.

## **CONCLUSION**

The District Court's Order Granting Defendant's Motion for Summary Judgment with prejudice should be reversed and remanded to the District Court for trial on the issue of sexual harassment.

/s/ Linda Kendall Garner
Linda Kendall Garner B.P.R. # 13573
Attorney for the Plaintiff/Appellant
40 S. Main St, Suite 1523
Memphis, TN  38105
(901) 524-1111
Facsimile: (901) 524-1004
Email: lgarner4@comcast.net

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing instrument has been served via the United States Court of Appeals for the Fifth Circuit via the Court's ECF filing system in compliance with <u>Federal Rules of Appellate Procedure 32(g)</u>(1, on September 5, 2023, on all registered counsel of record, and has been transmitted to the Clerk of the Court and a copy emailed via to GMayer@usa.doj.gov.

.

/s/ Linda Kendall Garner
Linda Kendall Garner, 013573
Attorney for the Plaintiff/Appellant
40 South Main Street, Suite 1523
Memphis, Tennessee  38103
(901) 524-1111

Dated:  September 5, 2023

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed.R.App.32(g), the undersigned certifies this brief complies with the type-volume limitations of Fed.R.App.32(a)(7)(B.

1.      Exclusive of the Exempted Portions in Fed.R.App.P. 32 (a)(7)(B), the Brief contains 3,751 words.

2.      The Brief has been prepared in proportionately spaced typeface Times New Roman,14 font.

3.      If the court requests, the undersigned will provide an electronic version of the Brief or a copy of the work or line printout.

4.      The undersigned understands a material misrepresentation in completing this certificate or circumvention of the type-volume limits in Fed.R.App.P.32.  may result in the court striking the Brief and imposing sanctions against the person signing this Brief.

/s/ Linda Kendall Garner

## <u>APPELLANT'S DESIGNATION OF RELEVANT<br>DISTRICT COURT DOCUMENTS</u>

| RECORD ENTRY NUMBER | DESCRIPTION OF DOCUMENT | DATE FILED |
|---|---|---|
| 5 | Amended Complaint | September 19, 2021 |
| 44 | Def. Motion for Summ. Judge. | September 30, 2022 |
| 45 | Def. Memo. Supporting S.J. | September 30, 2022 |
| 46 | Pl.  Response in Opposition | October 12, 2022 |
| 47 | Def. Reply to Response | October 19, 2022 |
| 48 | Order on Summ. Judge. | February 3, 2023 |
| 49 | Final Judgment | February 3, 2023 |
| 53 | Notice of Appeal | March 3, 2023 |